**CIRCUIT COURT OF THE CITY OF RICHMOND**

Thomas L. Chamouris, Jr.

v.

Angela D. Whitley

November 8, 2001

Case No. LF-1192-1

By Judge T. J. Markow

This case was tried to a verdict on claims of legal malpractice by the defendant. A verdict of $62,000 was returned for the plaintiff. Defendant renewed her motion to strike the plaintiff's evidence and to set aside the verdict on the ground that plaintiff failed to offer expert testimony that the defendant's negligence was the proximate cause of damage to the plaintiff.

Plaintiff's cause of action is based on defendant's agreement to a voluntary dismissal with prejudice of a complaint against plaintiff's former employer that had been pending in the U.S. District Court. The claim against the former employer was based on alleged maltreatment and discrimination against the plaintiff on account of his marriage to a person of a different race. Because of defendant's unauthorized dismissal, plaintiff was precluded from pursuing his claims against the former employer.

At this trial, plaintiff produced evidence of the maltreatment and discriminatory conduct and its effect on him. Defendant argues that plaintiff's malpractice claim fails as he offered no expert testimony that he would have prevailed in the discrimination case and, therefore, he has not proved a *prima facie* case of damages from the malpractice.

Defendant's motions are overruled. This jury had the same type of evidence that would have been introduced in the discrimination case upon which to decide whether there was discrimination and, if so, what damages were suffered by the plaintiff. Plaintiff correctly argues that there was no need

for and indeed it would have been inadmissible to offer an expert to opine whether that evidence would have produced a favorable verdict in the discrimination case. Such testimony would, at best, be rank speculation as no witness could predict what a jury would have done.

Should the expert have been offered to opine whether the evidence would have made out a *prima facie* case, that would be a question of law which is solely the province of the court to determine.

What defendant really complains of is that the jury was not fully informed of the elements required to enable the jury to find discrimination. On that she is correct. That information, however, should have come in the form of instructions of law beyond those offered. Defendant did not offer any instructions nor did she object to the lack of instructions on the underlying tort issues. The instructions given, then, are the law of this case. The jury applied them to these facts to arrive at the verdict. That verdict should stand.

It is, therefore, ordered that the plaintiff, Thomas L. Chamouris, Jr., shall have judgment against the defendant, Angela D. Whitley, for $62,000 plus interest from the date of judgment until paid plus the costs.